UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

NOEL DIAZ,
    *Plaintiff*,

v.

CAPTAIN HURDLE, ET AL.,
    *Defendants.*

No. 3:20-cv-1720 (VAB)

**INITIAL REVIEW ORDER**

Noel Diaz ("Plaintiff"), currently incarcerated at Corrigan-Radgowski Correctional Institution, has filed a civil rights Complaint *pro se* under 42 U.S.C. § 1983 against Captain Hurdle and Correctional Officers Rivera, Griffen, John Doe 1, and John Doe 2. *See* Compl. ¶ 1, ECF No. 1 (Nov. 3, 2020) ("Compl.").

Mr. Diaz's claim arises from an incident that occurred in July 2020 during which he slipped and fell after taking a shower. *See id.*

For the reasons set forth below, the Complaint is **DISMISSED**.

Mr. Diaz will have until **October 28, 2022** to file an Amended Complaint, to the extent the deficiencies noted in this ruling can be addressed. If an Amended Complaint is not filed by that date, this case will be dismissed with prejudice.

**I.**      **BACKGROUND**

Mr. Diaz alleges that on July 18, 2020 at Garner Correctional Institution, he slipped and fell on his back as he exited a shower stall. Compl. ¶ 1. He claims that he was unable to move because his neck was wedged between the floor and wall of the shower stall. *Id.* Emergency medical technicians allegedly placed Mr. Diaz on a stretcher and transported him to a hospital.

*Id.* ¶¶ 1–2. At the hospital, Mr. Diaz allegedly underwent a CAT scan, an MRI, x-rays, and an electrocardiogram. *Id.* ¶ 2. Mr. Diaz claims that medical providers at the hospital treated his complaints of pain with medication. *Id.* He allegedly remained in the hospital for four days. *Id.* He asserts that the fall exacerbated a prior injury to his back "to the point of immobility" and caused him to experience pain and suffering, and sleepless nights. *Id.* ¶¶ 8–9.

## II.   STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(b), district courts must review prisoners' civil complaints against governmental actors and *sua sponte* "dismiss . . . any portion of [a] complaint [that] . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (explaining that, under the Prisoner Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is mandatory); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) ("Section 1915A requires that a district court screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint *sua sponte* if, *inter alia,* the complaint is 'frivolous, malicious, or fails to state a claim upon which relief may be granted.'") (quoting 28 U.S.C. § 1915A). This standard of review "appl[ies] to all civil complaints brought by prisoners against governmental officials or entities regardless of whether the prisoner has paid [a] filing fee." *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004) (internal quotation marks and citation omitted).

Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff plead only "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), to provide the defendant "fair notice of what the . . . claim is and the grounds upon

which it rests," *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted).

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Federal Rules of Civil Procedure do not require "detailed factual allegations," a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57. Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claim] is improbable, and . . . recovery is very remote and unlikely." *Id*. at 556 (internal quotation marks omitted).

Complaints filed by *pro se* plaintiffs, however, "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)) (internal quotation marks omitted); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–03 (2d Cir. 2010) (discussing the "special solicitude" courts afford *pro se* litigants).

**III.    DISCUSSION**

In the context of a conditions of confinement endured by a sentenced prisoner, those

conditions that are "restrictive [or] even harsh" do not violate the Eighth Amendment because "they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although the Constitution does not require "comfortable" prison conditions, it does not permit prison officials to maintain conditions which inflict "unnecessary and wanton pain," or which result in the "serious deprivation of basic human needs" "of the minimal civilized measure of life's necessities." *Id.* at 347–49.

To state a claim of deliberate indifference to health or safety due to unconstitutional conditions of confinement, an inmate must demonstrate both an objective and a subjective element. To meet the objective element, the inmate must allege that he was incarcerated under a condition or a combination of conditions that resulted in a "sufficiently serious" deprivation of a life necessity or a "human need[]" or posed "a substantial risk of serious harm" to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Rhodes*, 452 U.S. at 347.

The Supreme Court has identified the following basic human needs or life necessities of an inmate: food, clothing, shelter, medical care, warmth, safety, sanitary living conditions, and exercise. *See Wilson v. Seiter*, 501 U.S. 294, 304 (1991); *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989); *Rhodes,* 452 U.S. at 348. To meet the subjective element, an inmate must allege that the defendants possessed culpable intent; that is, the officials knew that he or she faced a "substantial risk" to his or her health or safety and "disregard[ed] that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

Mr. Diaz contends that the Defendants violated his Eighth Amendment rights[1] when they

---

[1] State of Connecticut Judicial Branch records reflect that at the time of the slip and fall on July 18, 2020, Mr. Diaz was sentenced inmate. On October 18, 2018, in *State v. Diaz*, Docket No. F02B-CR18-0302464-S, a judge imposed a sentence of thirty months of imprisonment for Mr. Diaz's conviction for criminal possession of a pistol or ammunition in violation of Conn. Gen. Stat. § 53a-217 and on January 15, 2019, in *State v. Diaz*, Docket No. N23N-

negligently failed to place non-slip mats in the shower stall prior to the day he fell and injured his back and neck. Compl. ¶¶ 1–2. For relief, Mr. Diaz seeks compensatory and punitive damages. *Id.* ¶ 9.

Courts in the Second Circuit, however, "have regularly found [that] wet floor conditions that cause a prisoner to slip and fall do not" pose an objectively excessive risk of harm to prisoners sufficient to rise to the level of an "Eighth Amendment violation." *Martinez v. Schriro*, No. 14-cv-3965, 2017 WL 87049, at *5 (S.D.N.Y. Jan. 9, 2017) (collecting cases).

Even if the condition described by Mr. Diaz, a slippery floor in the shower stall or the absence of an anti-slip mat in the shower stall, posed a substantial risk of harm to his safety or health, he has not asserted facts to suggest that the Defendants acted or failed to act with a sufficiently culpable state of mind. Mr. Diaz claims that Captain Hurdle was the unit manager on July 18, 2020, and did not instruct Correctional Officers Rivera, Griffen, John Doe 1, and John Doe 2, who were present during his shower that day, to put the anti-slip mat in the shower stall. Compl. ¶¶ 3–4, 6. Instead, the officers placed the mat outside the shower stall. *Id.* at ¶¶ 3–4. He alleges that these correctional staff members were negligent in failing to put an anti-slip mat in the shower stall, and that he slipped and fell due to the absence of a mat in the stall. *Id.* In the inmate request and grievance that Mr. Diaz filed after the incident, he characterizes the conduct of the unit manager who was on duty and the staff members who were present on the day that he fell getting out of the shower as negligent and/or as a failure to exhibit due care for his safety.

---

CR18-0187835-S, a judge imposed a sentence of one year of imprisonment for Mr. Diaz's conviction for assault in the second degree in violation of Conn. Gen. Stat. § 53a-60 and one year of imprisonment for Mr. Diaz's conviction for possession of a weapon in a correction institution in violation of Conn. Gen. Stat. § 53a-174a. *See* https://www.jud2.ct.gov/crdockets/DocketNoEntry.aspx?source=Disp (using Docket Numbers: F02B-CR18-0302464-S and N23N-CR18-0187835-S). As a sentenced inmate, Mr. Diaz's conditions claim is governed by the Cruel and Unusual Punishment Clause of the Eighth Amendment. See Rhodes, 452 U.S. at 344–45 (addressing "the limitation that the Eighth Amendment . . . imposes upon the conditions in which a state may confine those convicted

*See id.* ¶¶ 10, 12.

Negligence is not actionable under section 1983. *See Farmer*, 511 U.S. at 835 (stating that an allegation of "mere negligence" is insufficient to meet the deliberate indifference prong of an Eighth Amendment conditions claim); *Whitley v. Albers*, 475 U.S. 312, 319 (1986) ("To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety."). Absent facts to suggest that the defendants' acts or omissions evinced the necessary wanton or culpable intent to subject Mr. Diaz to a substantial risk of harm to his health or safety, the subjective element of an Eighth Amendment conditions claim has not been met. *See Farmer*, 511 U.S. at 837 (stating that to meet the subjective element of an Eighth Amendment claim, the prison officials "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference"); *LaBounty v. Coughlin*, 137 F.3d 68, 72–73 (2d Cir. 1998) ("To succeed in showing deliberate indifference, [a plaintiff] must show that the acts of defendants involved more than lack of due care, but rather involved obduracy and wantoness in placing his health in danger."); *Edwards v. City of New York*, No. 08-cv-5787, 2009 WL 2596595, at *3 (S.D.N.Y. Aug. 24, 2009) ("[C]ourts have held that allegations of wet conditions leading to a slip-and-fall will not support a Section 1983 claim even where, as here, the plaintiff also alleges that the individual defendants had notice of the wet condition but failed to address it."); *Graham v. Poole*, 476 F. Supp. 2d 257, 260 (W.D.N.Y. 2007) ("Although plaintiff alleges that defendants were aware of the dangerous condition of the shower floor, and failed to rectify it, that amounts to nothing more than negligence, and is not enough to establish an Eighth Amendment claim, which requires a showing of a 'wanton state of mind.'") (quoting *Davidson v.*

of crimes.").

*Flynn,* 32 F.3d 27, 30 (2d Cir. 1994)); *Davis v. Reilly*, 324 F. Supp. 2d 361, 367 (E.D.N.Y. 2004) (holding that even if the individual defendant "had notice of wet floors outside the shower area prior to the plaintiff's slip and fall," the alleged "failure to provide shower mats does not rise to the level of a constitutional violation within the meaning of Section 1983 and, thus is not actionable").

Accordingly, the allegations that Defendants neglected to place or facilitate the placement of rubber mats in the shower stall before Mr. Diaz showered on July 18, 2020 does not state a claim under the Eighth Amendment. The Eighth Amendment conditions of confinement claim is dismissed. *See* 28 U.S.C. § 1915A(b)(1).

### IV. Conclusion

For the reasons set forth above, the Complaint is **DISMISSED**.

Mr. Diaz will have until **October 28, 2022** to file an Amended Complaint, to the extent the deficiencies noted in this ruling can be addressed. If an Amended Complaint is not filed by that date, this case will be dismissed with prejudice.

SO ORDERED at Bridgeport, Connecticut this 26th day of September, 2022.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE